[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On August 8, 2001 this Court presided over a trial in the matter of Inre Jontee and Keyon S. Although properly notified of the court date, neither parent appeared. CT Page 11874
The testimony and exhibits introduced at this hearing provided the following procedural history. Twin brothers Jontee and Keyon Stevens were born on December 2000. The twins, significantly premature, suffered from a plethora of health problems that had been aggravated by mother's drug ingestion during pregnancy. Because their mother had ingested cocaine shortly before labor, the children also experienced drug withdrawal symptoms.
On March 27, 2001 the Superior Court for Juvenile Matters entered an order of temporary custody. They have remained in foster care since that date. When the department sought temporary custody, it also filed a petition for termination of parental rights. The bases for the termination are abandonment, failure to rehabilitate and lack of on going parent — child relationship.
The State introduced the following exhibit:
Exhibit A: Social Study in Support of the Petition for Termination of Parental Rights dated April 9, 2001.
Based on the testimony and documentary evidence presented, this Court makes the following findings:
A: There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both mother, Barbara and father, whose identity is unknown.
The department was diligent in its attempt to locate these parents. Indeed the State conducted paternity tests of putative fathers named by respondent mother. Unfortunately these efforts were unsuccessful. The identity of the twins' father has never been established. Respondent mother herself has never been available.
B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify the children with their parents.
In the present case, the department made reasonable efforts. Because the parents have abandoned their children and have not made themselves available to the court, the department or their counsel, the efforts were not successful.
C. There is clear and convincing evidence that the following has existed:
(1) The child has been abandoned. Both parents have failed to CT Page 11875 maintain a reasonable degree of interest, concern or responsibility;
 (2) Respondent mother failed to achieve such degree eof personal rehabilitation as would encourage the belief that with a reasonable time she could assume a responsible position in her children's lives; and
 (3) The actions of the parents were such that there is no parent — child relationship at the present time.
D. Termination is in the best interests of the children by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of children with parents.
The department was immediately available for this family, offering services in a "variety of areas. Respondent mother made no effort to utilize these services. Because the children's father remains unknown, the department could not extend him any services.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Respondent father has never contacted either the court or the department. Respondent mother's contact with both has been sporadic, at best. Neither sought visitation with their children; neither inquired about the welfare of the children. In summary, they have ceased to acknowledge their children's existence. Furthermore, they failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the children with respect to their parents and any person who exercised physical care, custody and control of the children with whom the children have developed significant emotional ties.
The children were newborn infants when they entered foster care placement. Since this arrangement there has never had any contact with either biological parent.
Neither parent has ever contacted the department to inquire about the welfare of these children. Neither has provided financial support. CT Page 11876 Neither has offered resources to the children. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
The children have a strong, loving relationship with their current foster parents.
4. Age of the Children
Jontee and Keyon are both twenty months old.
 4. Parents efforts to adjust their circumstances to make it in the best interests of the children to return them home in the foreseeable future, including the extent of parental contact or communication with the children's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of these children. Neither ever contacted the foster family.
 5. Extent to which the parent has been prevented from maintaining a meaningful relationship with the children by unreasonable acts of the children, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the children. They merely chose not to exercise this right.
 6. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The department has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of the children.
The statutory parent for Jontee S. and Keyon S. shall be the Commissioner of the Department of Children and Families. A case plan must be filed within thirty days.
Julia DeCocco Dewey, Judge